

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

———————————————————————— x

HAMATH DIOP

    -against-

THE CITY OF NEW YORK, POLICE OFFICER
DANA MARTILLO, POLICE OFFICER TROY A.
BLAKE and POLICE OFFICER
JOHN DOES 1 and 2.

                             Defendant(s),

———————————————————————— x

## PRELIMINARY STATEMENT

1.    This is a civil rights action in which the plaintiff seeks relief for the violation of his rights secured by 42 U.S.C. § 1983, the Fourth, Sixth and Fourteenth Amendments to the United States Constitution, and the laws of the State of New York. The case arises from a November 7, 2011 incident in which members of the New York City Police Department ("NYPD") subjected plaintiff to false arrest, malicious prosecution, illegal search and seizure and unlawful imprisonment. The plaintiff seeks compensatory and punitive monetary damages, declaratory relief, an award of costs and attorneys fees and such other and further relief as the court deems just and proper.

2.    On November 7, 2011, POLICE OFFICER DANA MARTILLO and POLICE OFFICER TROY A. BLAKE and other members of the NEW YORK CITY POLICE DEPARTMENT including POLICE OFFICER JOHN DOES 1 and 2 acting under the color of state law, intentionally and willfully subjected plaintiff to, inter alia, false arrest, false imprisonment, detention, unlawful search and seizure, and malicious prosecution for acts of which plaintiff was innocent. This unconstitutional and unreasonable seizure of the plaintiff was in violation of plaintiff's rights under the Fourth and Fourteenth Amendments of the United States Constitution.

3.    The Plaintiff, HAMATH DIOP, through his attorney, DAVID T. ROCHE, complaining of the defendants, respectfully alleges:

## JURISDICTION

4.     This action is brought pursuant to 28 USC §§ 1331 and 1343, 42 §§ 1983, 1985 and 1988 and the Fourth, Fifth, Fifteenth and Fourteenth Amendments to the Constitution of the United States.  Pendant Jurisdiction, pendant party jurisdiction, and supplementary jurisdiction over plaintiff's state law claims is asserted.

5.     The amount in controversy exceeds $75,000.00 excluding interest and costs.

6.     Venue is laid within the United States District Court for the Southern District of New York in that the defendant NEW YORK CITY POLICE DEPARTMENT, has its headquarters located within the boundaries of the Southern District of New York, particularly New York County.

## PARTIES

7.     Plaintiff, HAMATH DIOP, at all times relevant hereto resided in the County of Kings, City and State of New York.

8.     That at all times hereinafter mentioned, and upon information and belief, the defendant, THE CITY OF NEW YORK, was at all times relevant hereto, a municipal corporation duly organized and existing pursuant to the laws, statutes and charters of the State of New York.

9.     THE NEW YORK CITY POLICE DEPARTMENT was at all times relevant hereto, an agency of the defendant THE CITY OF NEW YORK.

10.    That at all times hereinafter mentioned, and on information and belief, the defendants POLICE OFFICER DANA MARTILLO and POLICE OFFICERS TROY A. BLAKE and POLICE OFFICERS JOHN DOE 1 and 2 were at all times relevant hereto, employees of the defendant CITY OF NEW YORK, as police officers employed by the defendant, THE NEW YORK CITY POLICE DEPARTMENT.

11.    At all times mentioned herein, defendants were acting under color of state and local law, to wit, under color of statutes, ordinances, regulations, policies, customs and usages of the City of New York and the State of New York.

12.     That at all times hereinafter mentioned, and upon information and belief, the individual defendants are named herein both personally and in their official representative capacities as police officers employed by the defendants, THE CITY OF NEW YORK and THE NEW YORK CITY POLICE DEPARTMENT. And that each and all of the acts of the individual defendants alleged herein were done by the individual defendants and each of them under cover and pretense of the statutes and laws of the State of New York, and under and by virtue of their authority as police officers and employees of defendant, THE CITY OF NEW YORK.

13.     That as a result of the foregoing, the defendant, THE CITY OF NEW YORK, is liable for the individual defendant's acts pursuant to the doctrine of "respondeat superior."

## NOTICE OF CLAIM

14.     Within 90 days of the occurrence of the incident, plaintiff filed written Notice of Claim with the City of New York. This matter has not been settled or otherwise disposed of.

## FACTUAL ALLEGATIONS

15.     On November 7, 2011, the plaintiff was a victim of a robbery in that he was seated in the driver's seat of his parked car at the above mentioned location when three young males entered his vehicle. One of the males placed the point of a knife to his neck and ordered him to drive. The claimant obeyed the command and proceeded to drive. As he drove through an intersection, his vehicle was struck by another vehicle. The males ordered him to continue driving and he complied. As he was driving, the males took the claimant's mobile phone and some money from his vehicle. After a time, a police vehicle arrived, upon which the complainant stopped his vehicle and the three males fled on foot. Upon information and belief, the three males had committed a robbery of a pedestrian immediately before getting into the claimant's vehicle and some of the proceeds of said robbery were found inside the rear seat of the claimant's vehicle. The claimant attempted to explain to the police officers that he had been robbed and forced to

drive at knifepoint but the police officers ordered him to be quiet and placed him under arrest.

16.     The New York Police Department charged the defendant with Robbery in the Second Degree, Criminal Possession of Stolen Property in the Fourth Degree and Leaving the Scene of an Incident Without Reporting.

17.     On the night of November 8, 2011, the plaintiff was arraigned in Kings County Criminal Court, at which time he was charged under Docket No. 2011KN088756 with Criminal Possession of Stolen Property in the Fourth Degree, Criminal Possession of Stolen Property in the Fifth Degree, Leaving the Scene of an Incident Without Reporting and Failure to Obey a Traffic Control signal.  The court released him without setting bail.

18.     Following his arraignment on November 7, 2011, the plaintiffs' case was adjourned until November 10, 2011 in Part AP-1.  On that date, the People were not ready to present the case to the Grand Jury and the case was adjourned to January 25, 2012 in Part AP1. On that date, the plaintiff testified on his own behalf before the Grand Jury. The Grand Jury dismissed all charges against the plaintiff.

19.     The arrest of the plaintiff was committed by the defendants without legal process and without probable cause and without any reasonable cause to believe that the plaintiff had committed a crime.

20.     Defendants acted maliciously.

21.     As a direct and proximate result of the acts of defendants, plaintiffs suffered severe and permanent injuries including but not limited to: embarrassment, humiliation, anxiety, loss of liberty, loss of property, psychological and physical injury, pain, suffering, emotional distress and mental anguish.

### FIRST CAUSE OF ACTION
#### (FALSE ARREST AND ILLEGAL IMPRISONMENT)

22.     Paragraphs 1 through 21 are herein incorporated by reference.

23.     Defendants subjected plaintiffs to false arrest, imprisonment, and deprivation of liberty without probable cause.

24.     Defendants have deprived plaintiff of his civil, constitutional and statutory rights and have conspired to deprive him of such rights and are liable to plaintiff under 42 U.S.C. §§ 1983 and 1985 and the New York State Constitution.

25.     As a result of the false arrest, imprisonment, and deprivation of liberty, the plaintiff was damaged in the sum of One Million ($1,000,000.00) Dollars.

## SECOND CAUSE OF ACTION
### (MUNICIPAL LIABILTY)

26.     Paragraphs 1 through 25 are incorporated herein by reference.

27.     Defendant CITY OF NEW YORK is liable for the damages suffered by the plaintiff as a result of the conduct of its employees, agents, and servants.

28.     Defendant CITY OF NEW YORK knew or should have known of their employees', agents', or servants' propensity to engage in the illegal and wrongful acts detailed above.

29.     Upon information and belief, defendants and their supervisors have, in the past, falsely arrested individuals without probable cause, and made, and allowed other fellow police officers to make false entries in official police department records to cover up and hide their wrongful conduct.

30.     Defendant CITY OF NEW YORK has failed to take steps necessary to discipline, train, supervise or otherwise correct the improper, illegal conduct of the individual defendants in this and in similar cases involving misconduct.

31.     Defendant CITY OF NEW YORK has damaged the plaintiffs by its failure to properly supervise, train, discipline, review, remove, or correct the illegal and improper acts of its employees, agents or servants in this and in similar cases involving police misconduct.

32.     Defendants subjected plaintiffs to false arrest and false imprisonment.

33.     Plaintiffs have been damaged as a result of the wrongful, negligent and illegal acts of the defendant CITY OF NEW YORK in the amount of One Million ($1,000,000.00) Dollars.

## THIRD CAUSE OF ACTION
### (FOURTH AMENDMENT)

34.     Paragraphs 1 through 33 are incorporated herein by reference.

35.     Defendant POLICE OFFICER DANA MARTILLO illegally arrested plaintiff subjecting him to false arrest, imprisonment and deprivation of liberty with probable cause.

36.     That as a result of the foregoing, the plaintiff has been deprived of the following rights, privileges and immunities secured them by the constitution and the laws of the United States: the right to be secure in his person and effects against unreasonable search and seizure under the Fourth and Fourteenth Amendments; the rights of the plaintiffs not to be deprived of life, liberty or property without due process of law under the Fourth and Fourteenth Amendments; and the right to be free from a deprivation of their civil rights in violation of the statutes made and provided.

37.     The Plaintiff has been damaged as a result of the wrongful, negligent and illegal acts of the defendant CITY OF NEW YORK in the amount of One Million ($1,000,000.00) Dollars.

## FOURTH CAUSE OF ACTION
### (FOURTEENTH AMENDMENT)

38.     Paragraphs 1 through 38 are incorporated herein by reference.

39.     Defendant POLICE OFFICER DANA MARTILLO illegally arrested plaintiff subjecting him to false arrest, imprisonment and deprivation of liberty without probable cause.

40.     That as a result of the foregoing, the plaintiff has been deprived of the following rights, privileges and immunities secured them by the constitution and the laws of the United States: the right to be secure in their persons and effects against unreasonable search and seizure under the Fourth and Fourteenth Amendments; the rights of the plaintiffs not to be deprived of life, liberty or property without due process of law under the Fourth and Fourteenth Amendments; and the right to be free from a deprivation of their civil rights in violation of the statutes made and provided.

41.    The plaintiff has been damaged as a result of the wrongful, negligent and illegal acts of the defendant CITY OF NEW YORK in the amount of One Million ($1,000,000.00) Dollars.

## FIFTH CAUSE OF ACTION
### (MALICIOUS PROSECUTION)

42.    Paragraphs 1 through 41 are incorporated herein by reference.

43.    Defendants caused a false accusatory instrument to be filed against plaintiff.

44.    The criminal instrument was dismissed and the criminal proceedings favorably terminated.

45.    Defendants have deprived plaintiff of his civil, constitutional and statutory rights and have conspired to deprive him of such rights and are liable to plaintiff under 42 U.S.C. §§ 1983 and 1985 and the New York State Constitution.

46.    Plaintiff was damaged in the sum of One Million ($1,000,000.00) Dollars as a result of the malicious prosecution implemented by the defendants.

**WHEREFORE**, plaintiff demands judgment against the defendants, jointly and severally as follows:

A.    In favor of the plaintiff in the amount of One Million ($1,000,000.00) Dollars on each of the plaintiff's causes of action;

B.    Awarding the plaintiff punitive damages in the amount of One Million ($1,000,000.00) Dollars on each of the plaintiffs' Causes of Action;

C.    Awarding plaintiff reasonable attorneys' fees, costs and disbursements of this action;

D.    Granting such other and further relief as this Court deems just and proper.

## JURY DEMAND

The plaintiff demands a jury trial.

Dated: New York, New York

February 4, 2013

By: David T. Roche, Esq. (dr2698)
Attorney for Plaintiffs
160 Broadway, Suite 708
New York, New York 10038
(212) 430-6380

## ATTORNEY'S VERIFICATION

STATE OF NEW YORK )
)ss:
COUNTY OF NEW YORK )

**DAVID T. ROCHE, ESQ.,** an attorney duly admitted to practice before the Courts of the State of New York, affirms the following to be true under the penalties of perjury:

I am an attorney at the **LAW OFFICE OF DAVID T. ROCHE** and the attorney of record for plaintiff Hamath Diop. I have read the annexed **COMPLAINT AND JURY DEMAND** and know the contents thereof, and the same is true to my knowledge, except those matters therein which are stated to be alleged upon information and belief, and as to those matters I believe them to be true. My belief, as to those matters therein not stated upon knowledge, is based upon facts, records, and other pertinent information contained in my files.

The reason I make the foregoing affirmation instead of the plaintiff is because the plaintiff does not presently reside in the county wherein the attorneys for the Plaintiffs maintain their offices.

Dated:      NEW YORK, NEW YORK
            February 4, 2013

David T. Roche, Esq